TOWN COUNCIL OF CHESTERFIELD v. RATLIFF.

EVIDENCE—JURIES—TOWN ORDINANCES.—In a prosecution by a town council for shooting within its corporate limits, under an ordinance making it a misdemeanor, "without a reasonable excuse," the *reasonableness* of the excuse is *solely* a question for the jury, and testimony, tending to show under what circumstances people are accustomed to shoot in the town, is competent on this question.

Before KLUGH, J., Chesterfield, July, 1897.   Affirmed.

Prosecution by the town council of Chesterfield *v.* W. M. Ratliff and D. H. Laney, for violating town ordinance against shooting. Defendants convicted, and appeal to the Circuit Court. New trial granted. Town council appeals.

*Mr. E. J. Kennedy*, for appellant, cites: *Ordinance being written instrument must be construed by Court:* 3 S. C., 253;

15 S. C., 32; 17 S. C., 480; 10 S. C., 124; 15 S. C., 296. *Error in charge immaterial when afterwards corrected:* 18 S. C., 113.   *Expression of opinion in charge here could not prejudice defendant:* 35 S. C., 538.

*Messrs. Stevenson & Matheson,* contra, cite: *Reasonable excuse is a question solely for the jury:* 6 L. R. A., 699; 1 Id., 178; 15 Id., 249; 34 S. C., 98; 10 Rich. L., 418; 3 Hill, 82; 2 Rich., 67; 22 S. C., 263, 410; 40 S. C., 344.  *Judge cannot intimate to jury his opinion of the facts or the proof:* 28 S. C., 254; 32 S. C., 592; 24 S. C., 503; 21 S. C., 595; 47 S. C., 488; 49 S. C., 558.

July 7, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.   The defendants were prosecuted before the town council of Chesterfield for the violation of an ordinance of said town, forbidding the shooting of firearms anywhere within the corporate limits of the town without a reasonable excuse for doing so.   Upon their trial they demanded a jury, which was accorded them.   Evidence was offered on the part of the prosecution tending to show that the defendants had fired—one a pistol and the other an ordinary shotgun—within the corporate limits of the town; but when the defendants offered testimony tending to show that they had shot at a rabbit in a corn patch of one of the defendants, who had suffered from the depredations of rabbits in his garden, such testimony was objected to, and ruled to be incompetent.  "After argument of counsel and the charge of the Court, the jury brought in a verdict against the defendants as follows: 'We find the defendants, W. N. Ratliff and D. H. Laney, (guilty) of shooting firearms in the corporate limits of the town of Chesterfield,' the same being the form prescribed by the intendant, the form of which appears in the reports of the town council.   Whereupon the Court sentenced each of the defendants to pay a fine of $10 or be imprisoned in the county jail for ten days."   The defendants appealed upon numerous grounds to the Circuit Court,

where the appeal was heard by his Honor, Judge Klugh, who reversed the judgment of the Court below, upon two grounds: 1st. Error in ruling out the testimony offered by defendants for the purpose of showing that they had a reasonable excuse for shooting. 2d. For error in charging upon the facts.

From this judgment the town council appeals upon numerous grounds, which, in various forms, impute error to the Circuit Judge in reversing the judgment of the town council upon the two grounds above stated. We shall, therefore, confine our attention to the inquiry, whether Judge Klugh erred in reversing the judgment of the town council upon the two grounds stated.

The ordinance which the defendants were charged with violating reads as follows: "Be it ordained by the town council of Chesterfield, that any person who shall shoot any firearms anywhere within the corporate limits of the town, without a reasonable excuse for doing so, shall be fined not less than one or more than ten dollars, or be imprisoned not less than one or more than ten days." So that the offense denounced by the ordinance consists not merely in shooting firearms within the corporate limits of the town, but in doing so *"without a reasonable excuse."* Hence, it is apparent that when one is prosecuted for a violation of this ordinance, it must appear not only that the accused fired a pistol, gun or some other species of firearms, within the corporate limits, but, also, that he did so without reasonable excuse; or, at least, if he can show that he had a reasonable excuse for shooting, that would be a· good defense. Hence, it was clearly competent for the defendants to introduce any testimony tending to show that the shooting was not done wantonly, but for a reason that the jury might regard a good excuse. When, therefore, the defendants offered testimony tending to show that it was customary for persons "to shoot cats, rabbits, birds, and other wild animals in the corporate limits of the town of Chesterfield," such testimony was competent, as a circumstance going to

show that it was regarded as a reasonable excuse to do so. And certainly, when testimony was offered to show that defendant, Laney, had a garden upon which the rabbits had been depredating, such testimony was competent, as tending to show that there was a reasonable excuse for the shooting with which the defendants were charged. It is clear, therefore, that there was no error in the first ground upon which the Circuit Judge based his judgment, reversing the judgment of the town council.

So, too, we agree with the Circuit Judge as to the second ground. Whether there was a reasonable excuse for the shooting, was clearly a question of fact for the jury, and not for the Court, to determine. It involved two inquiries—first, what was the excuse relied on, and, second, was such excuse reasonable? The ordinance did not pretend to define what should be a reasonable excuse, nor is there any law which defines those terms, so far as we are informed. It must, therefore, necessarily be left for the jury to determine, under all the circumstances of each case, what was the excuse offered, and whether such excuse was reasonable. If any authority be needed to sustain, what seems to us to be so plain a proposition, it may be found in the cases cited in respondents' argument, to which we will add a case of our own, which clearly sustains the same doctrine: *State* v. *Hathcock*, 20 S. C., 419.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.